### HECOX vs. ELLIS.

Where, after notice of trial, the defendant serves a relicta and cognovit, with a clause attached that judgment shall not be entered thereon until the term succeeding the circuit, and the plaintiff proceeds and takes an inquest, he is not entitled in the taxation of costs to any allowance for services performed subsequent to the cognovit, in ascertaining the amount of the recovery.

RETAXATION of costs. After the cause was noticed for trial, the defendant served a *relicta* and *cognovit*, with a clause attached that judgment should not be entered thereon until the term succeeding the circuit. The plaintiff disregarded the *relicta* and *cognovit*, and took an inquest at the circuit; and in his bill of costs, charged the defendant with the costs of the circuit, which were allowed to him by the taxing officer. The defendant appealed from the taxation, and a retaxation was ordered: *the presiding judge* observing, that for costs accrued anterior to the giving of the *relicta* and *cognovit*, the plaintiff was entitled to an allowance; but as the *cognovit* fixed the amount due, there was no necessity for further proceedings to ascertain that amount; nor was there any reason why the defendant should be charged with the expense of such proceedings. The clause attached to the *cognovit*, deprived the plaintiff of no rights, as even after the inquest he could not enter judgment until the succeeding term.*

---

In suits and proceedings upon writs of mandamus, it is not the practice of the court, upon awarding a peremptory mandamus, to grant costs against the judges of subordinate courts, or other public officers entrusted with the discharge of judicial duties.

FROM the report of the case of *The People, ex rel. Fisher*, v. *The N. Y. Common Pleas*, lately published in 18 Wendell,

*Decided 4th March, 1836. This case overrules *Leavitt* v. *Woods*, 10 Wendell, 558.

534, although decided as long since as April, 1836, it might be supposed that it is the practice of the court to award costs against the judges of subordinate courts on the granting of a peremptory mandamus. Such, however, is not the practice of the court. Costs were awarded in that case ; but it is doubted whether, in a single instance, since the decision of that case, costs have been awarded against judges of subordinate courts, or against other public officers entrusted with the discharge of judicial duties, on the granting of a mandamus. The awarding of costs in suits and proceedings upon writs of mandamus is by statute submitted to the *discretion* of the court. Statutes of 1833, ch. 271, § 6. 2 R. S. 514, § 42, 2d ed. Costs frequently are awarded on granting a peremptory mandamus, but in such cases they are given *generally ;* to be collected of the *parties,* the *actors* in the suit or proceeding *against whom* is decided the matter in respect to which the writ is granted.