LE GRAND N. DENSLOW vs. GEORGE M. GUNN, JUDGE.

Third Judicial District, New Haven, January Term, 1896. ANDREWS, C. J.,
TORRANCE, FENN, HAMERSLEY and HALL, Js.

A non-resident presented his written application to the Superior Court
    while in session, praying for an alternative writ of mandamus, upon
    which the court entered a rule to show cause why such a writ should
    not issue. The respondent appeared and moved to quash the applica-
    tion, for want of a bond or recognizance for costs. *Held* that the pro-
    ceeding, at least at that stage of its progress, did not come within the
    terms of § 896 of the General Statutes requiring security from a non-
    resident plaintiff for costs; and that the motion was therefore prema-
    ture. If the parties consent to treat the application as though it were
    in all respects the alternative writ, the respondent by voluntarily ap-
    pearing and submitting to the jurisdiction must be held to have waived
    the requirement of a bond for costs.
Section 459 of the General Statutes provides that before any Court of Pro-
    bate shall appoint a guardian of a minor having a parent, it shall re-
    quire personal notice to be given the parent, in such manner as it
    shall deem proper; but if the parent resides out of this State, or the
    place of his residence be unknown, such notice shall be given as the
    Court of Probate may order. *Held* that the notice required to be
    given to a non-resident parent, under the latter clause, was a notice
    to the parent, as such; and that a mere public notice published in a
    newspaper and posted on a sign-post in the probate district in this
    State, did not comply with the terms of the statute and constitute
    legal notice to the parent, in the absence of proof that such notice
    reached the parent.

[Argued February 4th—decided February 21st, 1896.]

APPLICATION for a writ of mandamus requiring the re-
spondent to allow an appeal from the Court of Probate of
the District of Milford, brought to the Superior Court in
New Haven County and tried to the court, *Prentice, J.*,
upon the petitioner's demurrer to the return; the court sus-
tained the demurrer and thereafter judgment was rendered
for the petitioner, and the respondent appealed for alleged
errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*William B. Stoddard* and *Edward H. Rogers*, for the appellant (respondent).

The plaintiff, being a non-resident, should have entered into a recognizance to the defendant for costs. General Statutes, § 896. This proceeding is a civil action within the meaning of this section of the statute. It was an " action at law " prior to the passage of the Practice Act. *State* v. *New Haven & Northampton Co.*, 41 Conn., 134, 137 ; *Brainard* v. *Staub*, 61 id., 575 ; *Fleet* v. *Lockwood*, 17 id., 233, 237. The successful party in mandamus is entitled to recover his costs. General Statutes, § 1295. The applicant is a " plaintiff." *Canaan* v. *Greenwoods Turnpike Co.*, 1 Conn., 9. The failure to give this bond for prosecution makes the process invalid. *Moore* v. *Rankin*, 51 Conn., 326. The defendant's motion to quash was the proper, and, indeed, the only remedy. *Amer. Casualty Ins. Co.* v. *Fyler*, 60 Conn., 448, 459 ; *State's Attorney* v. *Selectmen of Branford*, 59 id., 402, 413 ; *Fuller* v. *Plainfield Academic School*, 6 id., 532, 544 ; Moses on Mandamus, 202. The plaintiff was bound to take his appeal within one month from the date of the decree or order appointing the guardian. A State has the right to determine the status of one of its citizens towards a non-resident, which is binding within the State, though made without service of process or personal notice to the non-resident. *Gibbs, Appellant*, 154 Mass., 378 ; *Pennoyer* v. *Neff*, 95 U. S., 714, 734. The notice which was given was a proper notice. Wade on the Law of Notice, § 1056. If the notice was a proper notice, the statute makes it a legal notice, when given as directed by the court. General Statutes, § 447, makes any proper notice a legal notice. The plaintiff does not allege or claim that he did not have actual notice of the application, and the time and place of trial ; but his sole contention is that the notice which was given was not a legal notice, and that he was not bound by it. In *Potwine's Appeal*, 31 Conn., 381, this court held that as it did not appear that the notice given was not effective, although not strictly correct, the plaintiff was not entitled to a rehearing. · " Notice " does not necessarily

mean actual notice.  *Crane* v. *Camp*, 12 Conn., 464, 469.
*Hurlbut* v. *Thomas*, 55 id., 181.

*Edwin A. Smith*, for the appellee (petitioner).

The importance of notice to parents is conceded in General Statutes, §§ 459, 641, 642, and it would seem that had the applicant been a resident of this State, and the place of his residence known, the notice under consideration would not have been a legal notice in any sense.  It is hardly to be considered that the legislature intended to regard the parent who was a non-resident of the State, or whose residence was unknown, with so little favor as to make any notice which the Court of Probate might order a legal notice to limit his right of appeal.  The notice actually given was the notice prescribed by § 446.  It simply enabled the court to take jurisdiction and to proceed to a hearing and the appointment of a guardian.  In so far it was a legal notice; but it was not the legal notice contemplated by § 642 in regard to appeals by persons not inhabitants of this State and not present at the time of " making such order, denial or decree."  Section 447 should be read in connection with § 642, in order to arrive at the true meaning of the phrase " legal notice," as used in the latter.  The case does not abate by reason of the change in the individual who holds the office of judge of probate.  *State's Attorney* v. *Selectmen of Branford*, 59 Conn., 402, 409; *Thomson* v. *United States*, 103 U. S., 480, 483, 484; *Linsley* v. *Auditor of Kentucky*, 3 Bush, 231, 235; *Clark* v. *McKenzie*, 7 id., 523, 531; *State* v. *Gates*, 22 Wis., 210, 214; *State* v. *Puckett, County Judge*, 7 Lea (Tenn.), 709, 710; *Hardee* v. *Gibbs, Auditor*, 50 Miss., 802.  The want of a bond was no ground for quashing the application.  Costs in all the proceedings for mandamus, unless controlled by statute, rest in the discretion of the court.  Moses on Mandamus, 234; Stephens' Nisi Prius, § 2332.  Section 1295 of the General Statutes was not intended to control the discretion of the court in this particular.

FENN, J. The appellee Denslow, on October 11th, 1894, made a written motion to the Superior Court, then in session at New Haven, to issue a writ of mandamus requiring George M. Gunn, judge of the Court of Probate for the district of Milford, to allow an appeal to said Denslow from an order of said court appointing a guardian over the minor son of said Denslow, or to signify cause to the contrary to said Superior Court. No alternative writ issued, but instead thereof a rule was ordered to be entered· to show why such writ should not issue upon such motion. Thereupon the appellant came into court and moved to quash, on the ground that said " motion and writ of mandamus is prayed for by said petitioner Le Grand N. Denslow, who is described in said process as, and is in fact, a resident of Los Angeles, State of California, and not an inhabitant of this State, and that no bond or recognizance to the adverse party with surety to prosecute his action to effect was taken or given in this action." This motion was denied by the court. The appellant then made return, stating that on August 30th, 1893, Mary A. Smith, the grandmother of said minor Edwin P. Denslow, petitioned said Court of Probate for the appointment of a guardian over said Edwin P. Denslow; that on said 30th day of August, 1893, the said Le Grand N. Denslow was not a resident of the State of Connecticut, and that his place of residence was unknown; that in pursuance of an order of said court, said petition was assigned for a hearing on the 16th day of September, 1893, at ten o'clock in the forenoon, and that in pursuance of an order of said court notice of the pendency of said petition and the time and place of hearing was given by publishing a notice thereof two times in the Milford Sentinel, a paper having a circulation in said district, and posting a like notice on the signpost in said Milford, which notice contained a copy of said petition and the order of said court fixing said 16th day of September, 1893, for a hearing on said petition; that said Le Grand N. Denslow had legal notice of said proceedings, by reason of said published notice, before said 16th day of September, 1893; that on said 16th day of September, 1893, a

guardian was appointed by said court over said Edwin P. Denslow, as alleged in said motion, and no appeal was taken or attempted to be taken from said order or decree until the 15th day of September, 1894. A demurrer to this return was sustained by the court, and a peremptory writ of mandamus directed to issue.

Two questions are presented to us upon this appeal: *first*, did the court err in denying the appellant's motion to quash; *second*, did the court err in holding that the facts stated in the return did not show such notice to the appellee as required him to appeal within one month from the order and appointment by the Court of Probate.

Concerning the first of these questions, it is the claim of the appellant that the proceeding by mandamus is a civil action, within the meaning of § 896 of the General Statutes. That statute provides that "if the plaintiff in any civil action be not an inhabitant of this State, or if it do not appear to the authority signing the process that he is able to pay the costs of the action, should judgment be rendered against him, he shall, before such process is signed, enter into a recognizance to the adverse party with some substantial inhabitant of this State as surety, or some substantial inhabitant of this State shall enter into a recognizance to the adverse party, that the plaintiff shall prosecute his action to effect, and answer all damages in case he make not his plea good."

If the claim thus stated presents a question of some difficulty, it also, as we think, presents one which was not properly before the court below, and is therefore not before us on this appeal. At the time the motion to quash was filed and denied, the conditions referred to in the statute did not exist. There was no "authority signing the process," for there was no process, *mesne* or final; no writ, alternative or peremptory. There was only a motion or application for such writ. It is true indeed, that upon this, a rule was entered to show cause, but it was cause why the alternative, not the peremptory, writ should issue ; that is, to show cause why the act should not be done, or an order issue to do it,

or again show cause. This surely was nothing more than notice of the pendency of an application or motion. If, under the provisions of § 896 of the General Statutes, a bond or recognizance was requisite, the one to take it would be the authority signing or directing the issue of the alternative writ. Objection for want of such action, taken to preliminary proceedings and previous to time or opportunity for action, is premature. It is true, indeed, that the proceedings in this case were similar to those in *American Casualty Ins. Co.* v. *Fyler*, 60 Conn., 448, 458. The application was treated as the alternative writ. But this was informal. It was done after, and not before, the motion to quash had been filed and passed upon. And it could not have been done, and clearly the court below would not have undertaken to have it done, except in the way stated in the case just referred to,—" by the consent of all the parties." If, after such consent, it be admitted that the application became, to all intents and purposes whatever, the same as an alternative writ, and the appellant had thereupon renewed his motion to quash, it could not have prevailed; for, if otherwise well taken—a question which, as we have said, we do not regard as before us, and do not intend to decide—the defect in the process would have been waived by the consent given by " voluntarily appearing and submitting to the jurisdiction of the court." *Morse* v. *Rankin*, 51 Conn., 326.

In reference to the remaining question, General Statutes, § 459, provides : " Before any Court of Probate shall appoint a guardian of a minor, having a parent or parents, it shall require personal notice to be given such parent or parents, in such manner as it shall deem proper; but if any parent shall reside out of this State, or the place of his residence be unknown, such notice shall be given as the Court of Probate may order." The appellee resided out of the State and the place of his residence was unknown. He was not present at the time of the hearing. If he had legal notice to be present, under General Statutes, § 642, his appeal should have been taken within one month; if he did not have such notice, then he was entitled to twelve months, acted in time, and his

appeal should, as held by the Superior Court, have been allowed.

There is another section (General Statutes, § 446) which provides how notice shall be given " whenever in any proceeding in, or matter pending before, a Court of Probate, public notice is required." Doubtless the notice given was sufficient to comply with the requirements of this last section, in cases to which it applies. But it does not apply to this case. Here, no public notice was necessary; notice to the appellee as a parent, was required. True, under the circumstances which existed, such notice might be given as the Court of Probate might order, and be legal. The question now is, does the return show that such notice was ever ordered, or given at all. It seems to us, as it did to the court below, that it does not. Notice was published in a newspaper having a circulation in Milford, and put upon the signpost there. The appellee could not have been bound by such notice, if he had possessed a known residence in this State. It would not be as likely to reach him, in fact, if he resided elsewhere and away. Notice so given might indeed reach him, and might be so given and be legal, whether it did or not. But we think in order that the latter statement should be true, it should be a fact, and should appear, that the object sought in giving the notice was to reach the appellee ; that looking towards that result the court directed and gave notice,—not to the public, adapted best to reach the broadest public, yet irrespective of any superior rights of the parent to have such notice—but to the parent, irrespective of the public not concerned or required to be notified at all. In other words, we think that with an eye and purpose single to notify a party absent and whose place of residence was unknown, a different form or mode of notice more likely to accomplish its object, would probably and certainly might possibly, be adopted by a judge of probate, than if he merely undertook to give a proper public notice, including the parent as one of that class only. We think the statute in question contemplates, requires and provides for this. Because

it does not appear that the appellant did what we thus hold essential, we think the court below ruled correctly.

There is no error.

In this opinion the other judges concurred.