LeGrand N. Denslow *vs.* George M. Gunn, Judge.

Third Judicial District, New Haven, June Term, 1896.  Andrews, C. J.,
TORRANCE, FENN, HAMERSLEY and PRENTICE, Js.

In mandamus proceedings to compel an inferior court to perform a legal
   duty, costs should not be taxed against the judge whose decision is
   complained of, when he has acted in good faith upon his mistaken
   interpretation of a statute imposing the duty.
Section 1295 authorizes a judgment for costs in mandamus proceedings
   where an issue of fact is joined on the allegations of the return.  *Held*
   that this provision clearly required the costs, if allowed at all, to be
   included in the final judgment rendered upon the issues joined ; and
   that if not so included, an order in the nature of a supplementary judg-
   ment, made several months afterwards, allowing costs, was erroneous.

[Submitted on briefs June 2d—decided June 25th, 1896.]

APPEAL by the respondent for alleged errors of the Superior
Court (*Shumway, J.*), in the taxation of costs.  Final judg-
ment in the cause was rendered by the trial court pursuant
to the opinion of this court as reported in 67 Conn. 361.
*Error, and judgment for costs set aside.*

The case is sufficiently stated in the opinion.

*William B. Stoddard* and *Edward H. Rogers*, for the appel-
lant (respondent).

*Edwin A. Smith*, for the appellee (petitioner).

HAMERSLEY, J.  Proceedings for the issue of writs of man-
damus are controlled by statute.  General Statutes, §§ 1294,
1295.  This statute is similar in principle to the statute of
Anne, and was enacted substantially in its present form in
1821.  Prior to that time it was by virtue of the common law
of this State that writs of mandamus were issued, and the
procedure followed that of the English common law as modi-
fied by the statute of Anne.  *Strong's Case*, Kirby, 345 ;
*New Haven & N. Co.* v. *State*, 44 Conn., 376, 385.  There can
be no " judgment " in the strict sense in these proceedings,

except upon issue joined on the return to an alternative writ. Sometimes the application of the relator has been treated as if it were the alternative writ. Such practice is informal, ordinarily not to be commended, and never lawful except by consent of all parties, which consent should distinctly appear upon the record. *Denslow* v. *Gunn*, 67 Conn. 361; *Insurance Co.* v. *Fyler*, 60 id. 448. No question was raised as to the defective condition of the pleadings in this respect, when the present case was before us on a former appeal, and such question is not raised now.

At common law costs were not allowed to the successful applicant for the writ. 2 Bac. Abr. Tit. Costs. They were, in certain cases, allowed in England by statute. Our statute authorizes the court to render judgment for either the complainant or the party complained of, to recover his costs, where an issue of fact is joined on the allegations of the return. This allowance of costs, when within the limit of the authority given, is a matter of discretion. It is not now necessary to decide whether such authority exists where no issue of fact is presented. When the writ, as in this case, is to compel an inferior court to perform a legal duty in a matter where it has acted in good faith upon its interpretation of a statute imposing the duty, costs should not be taxed against the judge whose action is complained of. *Anon.*, 19 Wend. 157. When the allowance of costs is discretionary, the action of the trial court cannot be reviewed upon appeal. *Welles* v. *Schroeder*, 67 Conn. 257. But in this case we need not discuss whether the allowance of costs was discretionary or not, because the discretion, if it existed, had been finally exercised before the order appealed from was made. Our statute in authorizing the court to render judgment for costs, clearly requires the inclusion of the costs, if allowed at all, in the judgment on the issues joined. The judgment for a peremptory mandamus rendered in this case on an issue of law, did not include a judgment for costs, and therefore no costs could be taxed. The writ was issued immediately and obeyed; upon appeal in the nature of a writ of error, this court found "no error," and the original judgment has re-

mained in full force and unchanged. The order now appealed from, that the complainant recover his costs, made some five months after the rendition of final judgment, apparently in the form of a supplementary judgment, is manifestly erroneous.

There is error, and the judgment for costs is set aside.

In this opinion the other judges concurred.