HOMER S. CUMMINGS, STATE'S ATTORNEY, EX REL. GILBERT ELIOTT ET AL. *vs.* LAKE TORPEDO BOAT COMPANY ET AL.

Third Judicial District, New Haven, January Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A qualified right to inspect the books and records of a corporation for the purpose of making a complete list of its stockholders, exists at common law; and this right is enlarged and made absolute by the provisions of chapter 215 of the Public Acts of 1911.

Where the books and records of a corporation organized under the laws of another State are in fact kept in this State, a writ of mandamus

The State ex rel. Eliott *v.* Lake Torpedo Boat Co.

will lie here, founded upon a statute of that State providing for the inspection of the corporate records and stock-books, even though such statute prescribes that such records and books shall be kept within that State; and such a remedy may be invoked by nonresidents of this State.

The writ in such a case should run only against the clerk or secretary who is in control of the records; but the misjoinder of the corporation as a party respondent will not defeat the action, since such party may be dropped at any stage of the cause as the interests of justice may require, under the provisions of § 622 of the General Statutes.

The fact that the courts of the State under whose laws the corporation was organized, might compel it, under penalty of a forfeiture of its charter, to bring its books into that State and allow them to be inspected by its stockholders, does not constitute an adequate legal remedy here—since it is not one which our own courts can apply—nor does it affect the jurisdiction of the courts of this State.

No costs were allowed at common law upon writs of mandamus, and therefore there was no necessity for taking or giving a bond for costs; but where, as in the present case, the proceeding is between mere individuals and affects private interests only, it falls within the scope of § 714 of the General Statutes, and a recognizance or bond, to secure the costs now taxable under § 1021, is required.

The want of such a recognizance is a ground of abatement.

The facts stated in the application for a writ of mandamus in a cause of a private nature must be verified by the relator, although such verification is unnecessary where the enforcement of a public right is sought.

A motion to quash the alternative writ for the insufficiency of the facts stated therein, is in effect a demurrer upon the grounds alleged in the motion.

Where the respondent has had no opportunity, before the issuance of the alternative writ, to object to the want of a recognizance or to the lack of a verification of the application, he may, upon a motion to quash, take advantage of these defects and also of the insufficiency of the allegations.

Argued January 18th—decided July 27th, 1916.

APPLICATION for a writ of mandamus requiring the respondent, a Maine corporation and its secretary, to allow the relators (a New York copartnership) to inspect the records and stock-books of the respondent at its office in this State, brought to the Superior Court in Fairfield County where the alternative writ was quashed

(*Case, J.*) upon the respondent's motion, from which judgment the relators appealed. *No error.*

*David S. Day*, for the appellants (relators).

*Carl Foster*, for the appellee (respondent).

THAYER, J. The respondent Boat Company is a corporation organized under the laws of the State of Maine, but having its office and principal place of business in Bridgeport in this State, in which are kept the books and other records of the corporation containing a complete list of the stockholders of the corporation and the number of shares held by each stockholder, which books and records are in the custody of the other respondent, as secretary of the corporation, who resides in Bridgeport. The relators, who are stockholders of the corporation, demanded of the corporation and of the secretary an opportunity to inspect the stockbooks and records for the purpose of ascertaining and copying the names and residences of the shareholders of the company, and the demand was refused.

Under the statutes of this State the relators would be entitled to make the inspection demanded, if the respondent corporation were organized under the laws of this State. Public Acts of 1911 (p. 1496) Chap. 215, § 1; *State ex rel. Costelo v. Middlesex Banking Co.*, 87 Conn. 483, 485, 88 Atl. 861. And they would have a qualified right to such inspection at common law. *Id.* and cases cited.

A statute of the State of Maine provides: "All corporations, existing by virtue of the laws of this State, shall have a clerk who is a resident of this State, and shall keep, at some fixed place within the State, a clerk's office where shall be kept their records and a book showing a true and complete list of all stockholders,

their residences and the amounts of stock held by each;
. . . . Such records and stock book shall be open at all
reasonable hours to the inspection of persons interested,
who may take copies and minutes therefrom of such
parts as concern their interests, . . ." The relators
base their application for the writ of mandamus upon
this statute, which is made part of the application and
alternative writ, and it is alleged in the writ that the
respondent corporation does not keep in the State of
Maine a stock-book or other records showing a list of
its stockholders, as the statute requires; that demand
has been made upon the respondents for an opportunity
to inspect the stock-books and records in this State
for the purpose of ascertaining and copying the names
and residences of the stockholders of the corporation,
and that the demand was refused by the respondents.

The respondents moved to quash the alternative
writ, assigning nineteen grounds for dismissing it, which
are reduced in their brief to three general grounds:
(1) because the courts of this State have not jurisdic-
tion to enforce by mandamus against a foreign corpora-
tion the laws of the State under which it was created;
(2) because the application is defective in form; and
(3) because the facts alleged in the alternative writ
are insufficient. The motion was sustained and the
alternative writ was quashed and the application dis-
missed. The appeal assigns for error the sustaining
of the motion to quash upon any of the grounds stated
in the motion, and in rendering judgment that the alter-
native writ be quashed.

The question most argued before us was the first,
whether the courts of this State have jurisdiction to
enforce here the law of the State of Maine which gives
to stockholders the right to inspect the stock-books and
records of the respondent corporation. It is claimed by
the respondent that to do so would be to interfere with

the internal affairs of the corporation and should not be done. But this is not so. The order applied for would in no way interfere with the management of the corporation's business affairs by its directors, to whom are intrusted the powers of contracting for the corporation, investing its funds, and other internal affairs. It would not change the relations of the stockholder to the corporation or his fellow stockholders. The purpose of the proceeding is to compel an officer of the corporation having its books and papers in this State, where the corporation has its office and chief place of business, to do what the laws of the State under which it exists require to be done. The courts of this State have jurisdiction of the parties. The books sought to be inspected are within their jurisdiction, so that the order asked for can be enforced by them. Had the purpose of the application been to enforce the common-law right of inspection, it is not claimed that the order asked for would be denied. Such orders have frequently been made in other jurisdictions. *Andrews* v. *Mines Corporation*, 205 Mass. 121, 91 N. E. 122; *Swift* v. *Richardson*, 7 Houston (Del.) 338; *Hobbs* v. *Tom Reed Gold Mining Co.*, 164 Cal. 497, 129 Pac. 781. The respondent corporation was organized under a statute of Maine, and the section here in question is a portion of those statutes and is a part of the charter under which the corporation exists. It gives to the plaintiff stockholders the right of inspection which they seek in this proceeding. The corporation brought its charter with it when it qualified to do business in this State. This imposes upon the secretary of the corporation the same duty to permit an inspection of the books in this State which it imposed upon him in the State of Maine. The courts of this State will enforce by mandamus the performance of that duty the same as they would if imposed by our own statutes.

As another reason for quashing the alternative writ, it is said that the plaintiffs have an adequate remedy at law by proceedings in the State of Maine. It appears from the writ that the respondent corporation has no treasurer's office or fixed place in that State, as required by the statute, where a stock-book is kept, and does not keep in that State, as required, a stock-book or other records showing a list of the stockholders. Presumably the courts of Maine might, under penalty of forfeiting its charter, compel the corporation to comply with the statute and keep its books in that State, and, should the clerk having such books in charge then refuse to allow the plaintiffs to inspect them, might then by mandamus compel him to allow an inspection. But such a remedy is not an adequate legal remedy. In *Stanton* v. *Embry*, 46 Conn. 595, 601, we said that a legal remedy to be adequate must be one which our own courts can apply and one which does not compel the party to go into the courts of a foreign jurisdiction to avail himself of it.

The respondents and the books of which inspection is sought being within the jurisdiction of the courts of this State, the fact that the relators are not residents of the State did not forbid their proceeding in this State to compel by mandamus the inspection of the books and records. *Swift* v. *Richardson*, 7 Houston (Del.) 338.

It is claimed that the writ could not properly be quashed upon the ground that no bond or recognizance to the adverse party for costs was taken or given. General Statutes, § 1020, provides that "the Superior Court . . . may issue writs of mandamus . . . and may proceed therein and render judgment according to the course of the common law." At common law no costs were allowed upon writs of mandamus, and there was no necessity for the taking or giving of a

bond for costs. Costs are a matter of statutory regulation. General Statutes, § 1021, allows costs to be taxed in mandamus, and a judgment for costs to be rendered therein in favor of the party against whom the alternative writ is issued where he has made a return to the writ which is sufficient and found to be true. There is, therefore, the same reason for requiring a bond for costs to be given in cases of mandamus which exists in ordinary civil actions if the relator applies for the writ, as in this case, to enforce a private right. While the action is nominally in the name of the State, it is in fact a proceeding by the relator individually against another individual. Whether a recognizance should have been given turns upon the question whether mandamus is a civil action within the meaning of § 714 of the General Statutes, upon which the respondent relies. That provided that "if the plaintiff in any civil action be not an inhabitant of this state . . . he shall, before process is signed, enter into a recognizance," etc. In *Denslow* v. *Gunn*, 67 Conn. 361, 35 Atl. 264, where the question whether a bond for costs should have been given was raised, and held not to be properly before the court, it was intimated that it might be a question of some difficulty. In *State* v. *New Haven & Northampton Co.*; 41 Conn. 134, we held that mandamus was an action at law within the meaning of a statute requiring that in actions at law tried without a jury the court should, upon motion, find the facts upon which its judgment was founded, whether technically mandamus was an action at law or not; and in *Woodruff* v. *New York & N. E. R. Co.*, 59 Conn. 63, 20 Atl. 17, the question whether mandamus is a "suit of a civil nature at common law or in equity" was left undecided.

A proceeding where the State's Attorney, in the name of the State, applies for the writ to compel the perfor-

mance by a public officer of a public duty, approaches more nearly to a prerogative writ, which the writ of mandamus was originally, than does a proceeding like the present, where the relator is in fact a party plaintiff seeking the writ to compel the performance by the officer of a private corporation of a duty in the performance of which the former is interested. In the latter case the public has no interest, and such a case is, we think, within the meaning of § 714 of the General Statutes, a civil action requiring that a recognizance shall be taken by the officer issuing the process.

We think, also, that the facts stated in the application for the writ in such a case should have been verified by the relator. This was the common law rule. 1 Swift's Digest, 564; High on Extraordinary Legal Remedies (3d Ed.) § 507. In the case of applications brought for the enforcement of public rights this is not necessary. *Woodruff* v. *New York & N. E. R. Co.*, 59 Conn. 63, 20 Atl. 17. Where the writ issues to enforce a mere private right, it should be based upon facts duly verified by oath.

It is claimed that the respondents have waived these formal defects in the application and writ by joining, in their motion to quash on these grounds, objections to the sufficiency of the allegations of the writ. A motion to quash for the insufficiency of the facts stated in the writ is in effect a demurrer upon the grounds stated in the motion. *State* v. *New York, N. H. & H. R. Co.*, 71 Conn. 43, 47, 40 Atl. 925. The want of a verification was a defect in the application, the allegations of which should have been verified. The failure of the officer issuing the writ to take a bond was a defect in the writ and not in the application. *Denslow* v. *Gunn*, 67 Conn. 361, 366, 35 Atl. 264. A demurrer should ordinarily come later in the order of pleading than pleas in abatement for defects in the writ. But

mandamus is an original process issuing out of the court commanding the respondent to obey the mandate or show cause why the writ should not be made peremptory. Where, as in this case, a respondent has no notice to show cause why the application for a mandamus should not be granted, he has no opportunity to object to the want of a verification until after the alternative writ has issued. Where such notice is given and he fails to object to the absence of a verification, he should be held to have waived it. The same is true with respect to the neglect to take a bond. The respondent has no opportunity to take advantage of the fact until the writ has been served upon him. A motion to quash is then the proper way to take advantage of such defects. It is also the proper way to take advantage of insufficiency in the allegations. The claim is that by filing a motion based upon the latter ground the respondents have entered a general appearance and thus waived their right to plead matters in abatement of the writ. They have appeared in obedience to the mandate of the court to show cause why they should not obey the writ. It is proper, and has been the practice in this State, for the respondent in such cases to state all his grounds for noncompliance with the mandate of the writ in a single motion to quash. By uniting an objection to the sufficiency of the allegation they did not waive their right to those which have reference to the formal defects in the writ.

The alternative writ is directed to both the respondent corporation and the clerk who has the custody of its stock-books and records. It is true, as the respondents claim, that the writ should run only against the clerk or, which is the same thing, the secretary, who is in control of the records and is bound to perform the duty enjoined. But the joinder of the corporation in the alternative writ is not fatal. "No action shall be

defeated by the nonjoinder or misjoinder of parties." General Statutes, § 622. The misjoined party may be dropped, and the peremptory writ go against the party having charge of its books.

There is no error.

In this opinion the other judges concurred.