## STATE EX REL. HUGO ROLLER
*vs.*
### WILLIAM A. BREE, Clerk of the Superior Court

Superior Court      New Haven County      File No. 58646

MEMORANDUM FILED APRIL 12, 1940.

*Omar W. Platt,* of Milford, and *Ephraim E. Sinn,* of New Haven, for the Relator.

*Francis A. Pallotti,* Attorney General, and *Richard F. Corkey,* Assistant Attorney General, for the Respondent.

CORNELL, J.   The motion to quash, addressed to the alternative writ, combines an attack upon the writ (and hence matter of abatement) with others directed at testing the sufficiency of the allegations contained in it.   This is proper. *State ex rel. Eliott vs. Lake Torpedo Boat Co.,* 90 Conn. 638, 646.

That part of the motion which applies to the writ, as such, claims that it is defective because it contains no certification of the financial responsibility of the relator and it does not appear that any bond or recognizance with surety to the adverse party to prosecute the action to effect was taken or given and noted "in said process."   The contention is based upon the provisions of section 5619 of the General Statutes, Revision of 1930, and hence advances the claim that an alternative writ of mandamus is a "civil action" within that intendment of that section.

Nothing would be gained by an attempt to decide this question here.   Indeed it would seem to be a rather presumptuous undertaking to make such an effort in view of the apparently studious manner in which an expression on the subject has been avoided in the past, as is evident from what is said in *State ex rel. Eliott vs. Lake Torpedo Boat Co., supra,* 644. This is especially true since the enactment of what is now section 1653c of the 1935 Cumulative Supplement to the General Statutes.

The question is of no practical importance here, however, since if it may be said that an alternative writ of mandamus is a "civil action" within the concept of section 5619 of the General Statutes, Revision of 1930, as so amended, then assuredly the provisions of section 1409e of the 1939 Supplement to the General Statutes, apply to it.   Counsel for the relator have expressed a willingness to file a bond in accordance with subdivision (b) of this section and any defect that may be said to exist in this regard, if one does, will thus be cured.

As was stated from the bench at the hearing on the motion, the second ground proceeds upon a misapprehension of the plain purport of the allegations contained in the writ, which palpably do not seek the enforcement of a right arising from contract, but upon proceedings under the provisions of statute, section 1529 of the General Statutes, Revision of 1930. The reasons underlying the third ground are equally without merit and require no discussion.

The relator is requested to file a bond as he has offered to do, in the sum of $75 on or before Monday, April 15, 1940. Upon his doing so on or before that date the clerk will note on the file that the motion to quash is overruled. If such bond is not filed on or before the day named, the clerk will then bring the matter to the attention of the undersigned before making any entry upon the docket in respect to the motion to quash.