[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE INTERPLEADER AND CONTEMPT
The plaintiff was granted a prejudgment remedy of garnishment of certain funds that the State of Connecticut (State) owed the defendant. That garnishment was properly served on the State. It is now alleged that in violation of that order of garnishment the State paid those funds to defendant. As a result plaintiff seeks to have this court hold the State in contempt. plaintiff here seeks an order of interpleader under Conn. Gen. Stats. 52-584. The State resists on the basis of the doctrine of sovereign immunity.
Law
 Conn. Gen. Stats. 52-584 reads as follows: "Whenever any person has, or is alleged to have any money. . . in his possession which is claimed by two or more persons, either he, or any of the persons claiming the same, may bring a complaint in equity, in the nature of a bill of interpleader, to any court which by law has equitable jurisdiction of the parties and amount in controversy, making all persons parties who claim to be entitled to or interested in such money CT Page 8216-KK or other property.
The State incurred the debt now represented by the claimed The fund. The State is holding the fund in its own capacity. The State seeks to pay the fund to the creditor to honor debt of the State. All of those actions are part of the State's exercise of its governmental functions. The State is not, here enforcing or supporting some private right of a private party as in The State ex rel Eliott v. Lake Torpedo Boat Co., 90 Conn. 638, 644. The doctrine of sovereign immunity applies to the State's actions here. Struckman v. Burns,205 Conn. 549. There is no waiver of that immunity.
The garnishment is void.
The application for interpleader is denied.
O'Neill, J. CT Page 8216-LL