### JULIUS PRATT vs. THE MERIDEN CUTLERY COMPANY.

The statute with regard to joint stock corporations, (Gen. Statutes, p. 173, sec. 407) provides that the account books of every such corporation shall be kept, and shall be open to the examination of the stockholders, at the town within this state where the corporation is located or at the office of its treasurer within this state. A manufacturing corporation organized under this statute had a factory in the town of M. in this state, where also it had its principal office, and a store for the sale of its manufactured goods in the city of New York. The books pertaining to the manufacturing business were kept in M., but the books containing accounts of their sales, and a bank account book, were kept in New York, and the keeping of the latter books in New York was indispensable to their business there. A stockholder in M. applied for a mandamus to compel the company to keep all its books in M. It was found that every facility for obtaining information was given him by the officers of the company consistent with the keeping of the books in question in New York, and that a monthly statement from the New York books was entered on the books at M. showing the aggregate sales of the month, and the amounts due and the persons owing the company. Held,

1. That as the petitioner showed no injury to himself from the keeping of the books in New York, a mandamus would not be issued upon his application, even if the statute required the books to be kept in M.

2. But that the statute could not be held to require literally that all the books should be kept in this state. The business of the company in the city of New York being lawful under the statute, the keeping of the necessary books there must also be lawful.

APPLICATION for a mandamus, by the petitioner, a stockholder, to compel the respondents, a joint stock corporation, to keep their books of account at Meriden in this state, where their manufacturing business was carried on and where their principal office was kept, instead of in the city of New York where they kept an establishment for the sale of their goods. The case was brought to the Superior Court in New Haven county, and the following facts were found by the court.

The respondents were organized as a corporation under the statute with regard to joint stock corporations, in the year 1855, and then were and ever since have been located in the town of Meriden in this state. For several years immediately prior to their incorporation, a copartnership under the name of Pratt, Ropes & Co., of which the relator was a prominent member, had been engaged at Meriden in the business of manufacturing table cutlery, which copartnership was in 1855 dissolved, and its property and effects were then purchased by the respondent corporation, and the members of the copartnership, including the relator, became stockholders of the corporation, and the relator himself became a director, which position he continued to occupy until the annual meeting of the corporation in 1866, when he was superseded. The capital of the respondents is $150,000, and its business is to manufacture and sell table cutlery. Its manufactory is in Meriden, and its goods are there made. Its store, where they are sold, is in the city of New York, and there, or elsewhere out of this state, its secretary and treasurer reside. To enable the respondents to transact their business properly, and to the best advantage, and to fairly and successfully compete with their rivals in the same trade, it is necessary that they should keep in the city of New York a store or place for the sale of their goods, which are annually disposed of to the

amount of about a half million of dollars, and for cash or its equivalent.

All the respondents' books of account pertaining to their manufacturing operations are kept at Meriden, and a duplicate of those accounts is also kept in detail in the city of New York. A part of their books relating to their sales and business in New York are also kept in Meriden, but some of their principal and most important books, namely, those containing the items and particulars of their account of sales, and of cash, and a bank account, are kept in the city of New York. These books are in daily use there and contain numerous entries, and either the same or duplicates of them are indispensably necessary to be constantly kept there. No such duplicates in fact exist anywhere.

The results of the transactions appearing in the accounts of sales and cash kept in New York, are monthly entered in a ledger, and in a trial balance, kept in Meriden, and from these entries can readily be ascertained the names of the persons who are creditors and debtors of the respondents, and the aggregate amount of each debt and credit, but the items which compose those aggregates do not there appear.

The books both in Meriden and New York are correctly kept.

At the time of the annual meeting of the corporation in 1866, the relator was, and ever since has been, the owner of more than one hundred shares of its capital stock, and a considerable creditor of the corporation, but since then he has had no official position in it or connection with it or influence in the management of its business. He had been for some time prior to the bringing of his application, desirous that his son, who is also a considerable stockholder, should have the position in the corporation of secretary and treasurer, and was and is dissatisfied on account of his own supersedure as director, and the refusal of the corporation to confer the offices named upon his son, but the desire of the relator to have all the principal books of the respondents kept at Meriden was entertained and manifested by him prior to such supersedure and such refusal.

The secretary of the corporation has been at all times ready to show and explain to the relator in Meriden any of the books and accounts kept in New York, and to answer any inquiries and communicate any information in his possession, but has refused to have kept in Meriden the books containing the items of sales and cash, and the bank account, kept in New York, though by the relator so requested, and particularly on the 7th day of September, 1867.

The copartnership of Pratt, Ropes & Co., at all times prior to the purchase of their property by the respondents, sold their manufactured goods at a store kept by them in the city of New York, and there kept similar books and accounts to those which the respondents have kept there, of all which the relator during all the time had knowledge.

Upon these facts the Superior Court (*Phelps J.*) issued the following peremptory mandamus:

"Upon the foregoing facts the return of the respondents is found insufficient, and it is ordered that a peremptory mandamus forthwith issue against the respondents, commanding them to keep in said Meriden, at their office and place of business, or in the office of their treasurer, residing and keeping his office in this state, the necessary book or books, to contain in detail original or duplicate items of the accounts of sales and cash and of the bank account, kept by the respondents in said city of New York, and that said items and entries be therein regularly recorded, at least once in each successive week. The relator to recover his costs."

The respondents filed a motion in error and brought the record before this court.

The provisions of the statute with regard to the keeping of its books in this state by every corporation organized under the law with regard to joint stock corporations, are given in the opinion of the court.

*H. B. Harrison* and *O. H. Platt*, for the plaintiffs in error.

*J. S. Beach* and *Doolittle*, for the defendant in error.

HINMAN, C. J. The statute relating to joint stock corporations, section 407, (Revision of 1866, p. 173,) provides that " the books of every such corporation, containing their accounts, shall be kept, and shall at all reasonable times be open, in the town where such corporation is located, or at the office of the treasurer, within this state, for the inspection of any of the stockholders of said corporation ; and said stockholders shall have access to the books and statements of said corporation, and shall have the right to examine the same in said town, or at said office ; and as often as once in each year, a true statement of the accounts of said corporation shall be made and exhibited to the stockholders, by order of the directors." The respondent corporation is organized under that statute, and is located in the town of Meriden, where its manufactory is situated, and where the petitioner, a stockholder, also resides ; and as its treasurer does not reside in the state the petitioner claims that the account books of the company, by the express provision of the statute, should be kept at Meriden where the stockholders can have access to them. From the finding it appears that although the company's manufactory is at Meriden, where its goods are made, yet its store, where they are sold, is in the city of New York ; and that there, or elsewhere out of this state, its secretary and treasurer reside ; and that it is necessary to the successful transaction of its business that it should have a store or place of sale for its manufactured goods in New York. The books pertaining to the manufacturing are kept at Meriden ; but the books pertaining to the sale of the goods, and its bank account, are kept in the city of New York, and the books are correctly kept at both places ; and there is no claim but that the petitioner can have full access to the books in New York, and the secretary has at all times been ready to explain to him in Meriden any of the books kept in New York and to communicate to him any information in his possession in relation to them.

It appears to us that the Superior Court erred in issuing a peremptory mandamus upon this petition, ordering the respondents to keep in Meriden, at their office and place of

business there, or in the office of its treasurer in this state, the necessary book or books, to contain in detail original or duplicate items of the accounts of sales, and of cash, and of the bank account kept by the respondents in the city of New York, and that the items and entries be therein regularly recorded once a week.

It may be admitted that it is the duty of this company under this statute, to keep original books, containing entries of all its transactions that are usually entered in the books of such companies, in this state, and still it does not appear that the petitioner has been or is likely to be injured by the neglect of this duty. The officers of the company have not denied his right to examine the books, and they appear to have extended to him every facility in their power to enable him to get all desired information in respect to the affairs of the company, consistent with the regular transaction of business in the ordinary and accustomed mode which the company has always pursued. As the sales of goods are all made in New York it is quite obvious that an account of sales must be kept there, and when credit is given upon such sales the charges would naturally be made there; and as the payments would be made there for the goods sold the company almost of necessity would deposit the amount in bank there and so would have a bank account in New York; so that a literal compliance with the terms of this statute would compel them to keep a duplicate set of books containing these entries in Meriden also. And so long as the petitioner neither loses any thing nor is in danger of losing any thing by the omission of this duty, assuming it to be a duty, we do not see why the rule stated in the case of *The King* v. *The Master and Wardens of the Merchant Tailors' Company*, 2 Barn. & Adol., 115, does not apply to his case. It was there held that the members of a corporation have no right on speculative grounds to call for an examination of the books in order to see if by possibility the company's affairs may be better administered than they think they are at present. And it was there said by Littledale, J., that if the members of the corporation have any complaint to make some

suit should be instituted, some definite matter charged, and then the question will arise whether the court will grant a mandamus.  But here the attempt is made by the petitioner, as if for the purpose of remedying a private injury to himself, when the finding shows that he has suffered no such injury, to compel the company to discharge this statutory duty. So long therefore as it appears that the books have been correctly kept, and that the petitioner has been furnished with all the information that is contained in them which he required, and there is no claim that he will not continue to be so furnished, we do not think it is for him, in an application of this sort, to call for the discharge of this duty.  *American Asylum* v. *Phœnix Bank*, 4 Conn., 178.

But while it must be admitted that the literal reading of the statute in question would seem to require the books of all joint stock corporations to be kept in this state, yet we think it very doubtful whether we should feel authorized to order this to be done, if the petitioner was in a situation to call for it, and was able to show that he has an interest in having it done.  It is to be observed that the statute in terms includes all the books of such a joint stock company containing its accounts.  And if this means, as the language obviously implies, the books containing the original entries in respect to its accounts, it is clearly impracticable to do it in respect to that portion of its business that is transacted abroad, especially if transacted in foreign countries.  Many of these joint stock companies have large dealings, not only out of the state, but out of the United States, and at their establishments abroad it would be necessary to keep account books of their transactions there, and copies of those books sent here at stated times would not be a literal compliance with this provision, and we are inclined to think it was not intended to require it to be done.  The books kept in New York, the court finds, are in daily and constant use there, and either the same or duplicates are indispensably necessary to be there kept.  But if they are indispensable in New York, there is no provision in the statute requiring duplicates of them to be made, nor would such duplicates be any thing

more than copies of the originals in New York when made, and to compel the originals to be kept here would in many instances be so difficult as to amount to a prohibition to transact business out of the state. We cannot think the legislature intended to require what is so nearly impracticable.

It appears moreover that the results of the transactions in New York are monthly entered in a ledger and a trial balance, kept in Meriden, from which the aggregate amount of each debt and credit, and who are the debtors and creditors of the company, can readily be ascertained; and it appears to us that under the circumstances this is all that ought to be required.

We are of opinion therefore that there is manifest error in the decree complained of, and it is reversed.

In this opinion the other judges concurred.