STATE EX REL. EDWIN G. GAYNOR
vs.
GAYNOR ELECTRIC COMPANY, INC.

Superior Court      Fairfield County      File #55176

MEMORANDUM FILED FEBRUARY 28, 1938.

Theodore E. Steiber, of Bridgeport, for the Plaintiff.

Frank Bergin, of New Haven, for the Defendant.

CORNELL, J. The alternative writ, after describing the authorized capital stock of the respondent corporation states that the relator is the owner of 140 shares thereof; that he had made several demands on the respondent for permission to examine the books of said corporation, "for the purpose of determining whether there is waste, extravagance or mismanagement in the operation of said corporation and for the purpose of determining its financial status" and that these demands have been refused. Upon this statement of facts the writ requires the respondent to allow the relator to inspect its books, "for the purpose of determining the financial status of said corporation" or that cause to the contrary be signified within a time limited.

The motion to quash is equivalent, under our practice, to a demurrer (State ex rel. *Foote vs. Bartholomew,* 103 Conn. 607, 611), and as, under our rules, all demurrers are required

to be special (Gen. Stat. [Rev. 1930] §5507; *Walko vs. Walko*, 64 Conn. 74, 77; *Miller vs. Cross*, 73 id. 538, 541), grounds 1 and 2 of the motion cannot be considered since neither of them points out any particular in which the writ is insufficient or defective.

Grounds 3, 4, 5 and 6 may be grouped together. Certain of those advance the proposition that the writ is insufficient because it does not affirmatively appear therefrom (1) that the relator seeks to examine the respondent's books for a purpose concerned with his interests as a stockholder or those of the corporation; (2) that his purpose is not merely vexatious.

Unlike a stockholder's right to inspect the stock ledgers of a corporation in which he holds shares, which has been made absolute by statute (*State ex rel. Eliott vs. Lake Torpedo Boat Co.*, 90 Conn. 638), his right to examine its books which reveal its financial status and those which afford information concerning the results of the operation of its business is, in the absence of statutes enlarging it, a qualified one. *Baydrop vs. Second National Bank*, 120 Conn. 322, 330; *State ex rel. Costelo vs. Middlesex Banking Co.*, 87 id. 483, 485, 486.

The qualifications are that its exercise be (a) germane to his interests as a stockholder, (b) lawful in its character and (c) not inimical to the interests of the corporation, itself. *Baydrop vs. Second National Bank*, supra; *State ex rel. Costelo vs. Middlesex Banking Co.*, supra. From which it follows that it will not be permitted to be asserted where its purpose is merely vexatious and, palpably this will be so, where the exercise of the right would be actually hostile to the corporation. *Baydrop vs. Second National Bank*, supra; *State ex rel. Costelo vs. Middlesex Banking Co.*, supra; *Hemingway vs. Hemingway*, 58 Conn. 443, 444.

In the instant case, the reasons assigned by the relator to inspect the corporate books are two, viz., (1) for the purpose of determining the corporation's financial status and (2) for the purpose of determining whether there is waste, extravagance or mismanagement in the operation of the business in which it is engaged. Without intending to rule that recourse to the means provided by section 1394c of the Cumulative Supplement to the General Statutes (1935) is either exclusive or a condition precedent to the maintenance of an appropriate action by a stockholder to enforce his qualified right to inspect the books of a corporation, it does appear that a channel is open to the relator here to obtain "complete and detailed" in-

formation of the respondent corporation's financial condition. And, see section 3409 of the General Statutes, Revision of 1930. There is no allegation that relator has demanded such a report as the statute provides for and has been refused it, or that if he has asked for and been furnished with it, it has failed to accurately inform him concerning the respondent's "financial status." While, as noted, this is not of decisive consequence, the use or attempted employment of the means of information furnished by the statute, if alleged, might have some relation to the relator's good faith.

As concerns the second of the reasons stated, the writ is without any intimation that the relator believes or has any reason to believe that the administration of the respondent's business has been marked by "waste, extravagance or misman-agement." It is only said that the relator wishes to examine the corporate books and records, to "determine" whether this is so or not and—in the absence of any statement show-ing otherwise—without even a suspicion or fear (to say noth-ing of a reasonable ground for belief) that such conditions may be found to exist. Relator's mission is, hence, stated to be merely speculative and so does not evidence that good faith which is required to attend and characterize his purpose as noted in grounds 6 and 7 of the motion. *Baydrop vs. Second National Bank, supra.* It will be unnecessary to com-ment upon the fifth ground of the motion in view of the con-clusions reached here.

It is evident from the writ as a whole that the relator re-gards his right as a stockholder to inspect the corporate books of account as an absolute one, but as noted supra it is a qualified right only, which is another way of saying that it is non-existent or, at least, incapable of being asserted unless the presence of the conditions necessary to vitalize it are shown to exist. As the writ fails to state facts of that char-acter it states no cause of action.

Parenthetically, though the defect is not mentioned in the motion to quash, it is to be noted that the writ runs against the respondent corporation, only, instead of a particular of-ficer or officers of the corporation and so is defective in that respect. *State ex rel. Eliott vs. Lake Torpedo Boat Co., supra,* pp. 646, 647; and compare, *Comley, State's Attorney, ex rel. Donovan vs. Lawlor,* 120 Conn. 610.

The motion to quash is sustained on grounds 3 to 7, both inclusive.