In the Matter of the Application of BRENTMORE ESTATES, INC., Petitioner, for an Order against HOTEL BARBIZON, INC., and Others, Respondents.

Supreme Court, Special Term, New York County, August 5, 1941.

*Sylvester & Harris*, for the petitioner.

*Goldwater & Flynn*, for the respondents.

BENVENGA, J. This is an application for an order directing Hotel Barbizon, Inc., its officers and its voting trustees to furnish the petitioner with a list of the names and addresses of the voting trust certificate holders of the respondent corporation.

The voting trust agreement was entered into by all of the stockholders. It was for a term of ten years, and expires in July, 1942. The list is sought so that the petitioner, the owner of about five per cent of the voting trust certificates, may communicate with the

other certificate holders and consult with them with respect to whether the voting trust agreement should be renewed upon its termination and whether appropriate measures should be taken for their protection.

The application is opposed on various grounds. With the possible exception of *Matter of Colgan (Weston)* (N. Y. L. J. May 5, 1938, p. 2176), counsel have been unable to find any decision in this State which is directly in point. In the *Colgan* case the motion was granted. True, there are cases in other jurisdictions which have denied similar applications for various reasons. (See *State ex rel. Crowder* v. *Sperry Corp.*, [Del.] 15 A. [2d] 661; *Babcock* v. *Chicago Railways Co.*, 325 Ill. 16; 155 N. E. 773; *Kann* v. *Rossett*, 307 Ill. App. 153; 30 N. E. [2d] 204.) While the *Colgan* case is distinguishable, so are the other cases. However, since a stockholder is given the right to inspect the books of his corporation at a proper time and place and for a proper purpose (*Matter of Steinway*, 159 N. Y. 250, 263; *People ex rel. Lorge* v. *Consolidated Nat. Bank*, 105 App. Div. 409), it would seem that, in principle and in justice, the right should be extended to holders of voting trust certificates, who are the beneficial owners of the stock of the corporation. (*Matter of Morse* [*Bank of America*], 247 N. Y. 290, 297–299; *Gertenbach* v. *Rodnon*, 171 Misc. 302, 304.)

True, under the terms of the voting trust agreement, the stockholders contracted away their right to examine the list of holders of the voting trust certificates or the transfer books of the trustees, except with the prior consent of the trustees. Nevertheless, notwithstanding this provision, this court will, in a proper case and in the exercise of discretion, direct that the information here sought be given to certificate holders. (Cf. Restatement of Trusts, § 73; *Farmers Loan & Trust Co.* v. *Pierson*, 130 Misc. 110.) This right is recognized by modern statutory provisions. (See Stevens on Corporations, p. 428.)

The motion is granted, and the respondents are directed either to furnish the list in question, or else to call a meeting of the certificate holders for the purpose of considering the question of whether the list should be furnished, and such other business as the certificate holders may desire to transact at such meeting.

Settle order before August 12, 1941.