## STATE EX REL. A. RALPH ALDERMAN
*vs.*
## F. MACHLIN, SECRETARY ARMSTRONG AIRCRAFT CORPORATION, ET AL.

Superior Court     New Haven County     File No. 65273

MEMORANDUM FILED OCTOBER 11, 1944.

*Sydney Alderman,* of New Haven, for the Relator.

*Pouzzner, Hadden, Kopkind & Hadden,* of New Haven, for the Respondents.

McEVOY, J. In this action the relator seeks the issuance of a writ of mandamus requiring the secretary and president of a corporation to allow the relator and his duly authorized accountant and his counsel to inspect and examine the original books and records of that corporation or to signify cause to the contrary.

They have so signified.

In his complaint the relator alleges that, for some time prior to the institution of this action, he had been and now is the owner of thirty shares of the issued stock of the corporation.

In paragraph 6 of the complaint the relator alleges that the request for this examination of the books was not made with any desire to injure the corporation but that it is necessary

that the examination be had so that it may be determined whether the money paid out by the corporation has been paid out for proper purposes.

The history of our law with respect to a stockholder's right of inspection of corporate books is well summarized in *State ex. rel. Costelo vs. Middlesex Banking Co.,* 87 Conn. 483, 484.

As therein pointed out, the common-law right of inspection, which extended to all corporate books, was in the main conditioned on a showing that the desired examination would be reasonable, in the interests of essential justice, germane to the interest of the stockholder, as such, and not inimical to the interest of the corporation itself. The burden of proving these conditions was on the stockholder seeking the examination. *Heminway vs. Heminway,* 58 Conn. 443, 444; *Baydrop vs. Second National Bank,* 120 id. 322, 330; *State ex. rel. Gaynor vs. Gaynor Electric Co.,* 6 Conn. Sup. 76, 78. For a long time a statute was in existence which to some extent broadened this common-law right of inspection of all corporate books. *State ex rel. Costelo vs. Middlesex Banking Co., supra,* p. 485; *Pratt vs. Meriden Cutlery Co.,* 35 Conn. 36, 40.

In support of the allegations of paragraph 2 of the complaint, to the effect that the relator has been and now is the owner of thirty shares of the capital stock of the corporation, the relator offered his own evidence and that of one Towne, purporting to prove that the relator and Towne had exchanged certain shares of stock of different corporations, and that, by the reason of that exchange, the realtor had become the owner of thirty shares of the stock of the corporation whose officers are respondents in this proceeding.

The details of this claimed "exchange" are such as to arouse suspicion and it is not reasonable to conclude that the exchange was made as stated and for the purposes stated.

At one stage of the proceedings the relator, after answering a question responsively, voluntarily added to that answer. The voluntary addition to the answer was this: The witness was being inquired of respecting the contents of Exhibit H, which was a certificate of organization of a corporation in which it was recited that the present relator had subscribed for and paid the par value of a certain number of shares of the stock of that corporation. To that certificate was apended a statement that the present relator had made oath to the truth of

those statements. Notwithstanding this situation, the relator volunteered the information that he had not, in fact, either subscribed for or paid for these shares of stock and, further, that the oath which he then took was then known to him to have been false.

There is a maxim, which, freely translated, means that if a witness testifies falsely in one respect that, then, his whole testimony may be discarded as false. That premise no longer obtains as that rigorous rule sometimes tends towards injustice, which is the opposite of the purpose of a trial. It is, even now, the rule that such testimony, while not controlling, may, nevertheless, be considered in connection with the whole evidence in the determination of the facts.

Upon a careful review and consideration of the whole evidence, coupled with the observation of the witnesses when upon the stand (but not in or about the court room) it is concluded that the relator has failed to sustain the burden of proving that he was and is the owner, in fact, of thirty shares of the stock of the corporation, as alleged in paragraph 2 of his complaint, and that he has also failed to sustain the burden of proof in connection with the allegations of paragraph 6 of his complaint as to his purpose in bringing this action.

The latter conclusion is affected, in part, by the testimony of the relator that, before the claimed acquisition of his present claimed stock, he made no examination as to its value but that, almost immediately upon its claimed acquisition, he then undertook to, immediately, require and obtain an inspection of the books of the corporation in which he had previously manifested no interest.

The issues are found in favor of the respondents and judgment may enter accordingly.