STATE OF CONNECTICUT EX REL. JOHN D. SIRICA v.
ALVINA S. QUATRANO ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 16481
AT WATERBURY

Memorandum filed June 10, 1946.

*Edward Mascolo, Francis Feeley* and *Stephen Elliott*, all of Waterbury, for the Plaintiff.

*Bronson, Lewis, Bronson & Upson*, of Waterbury, for the Defendant.

ALCORN, J.   Inasmuch as this motion is equivalent to a demurrer under our practice, State ex rel. *Foote* v. *Bartholomew*, 103 Conn. 607, 611, the allegations of the alternative writ are to be taken as admitted for present purposes, and the issue is whether they fail to state a cause of action for any one or more of the reasons stated in the motion. *State* v. *New York, N.H. & H. R. CO.*, 71 Conn. 43, 47. If the alternative writ fails to show upon its face a clear right to the extraordinary relief demanded and if the material facts upon which the relator stands are not set forth, then it must be held insufficient upon this motion. *American Casualty Ins. Co.* v. *Fyler*, 60 Conn. 448.

The alternative writ alleges in substance that Waterbury Amusements, Incorporated, is a Connecticut corporation with a principal office where its books and records are kept in Waterbury; that such records are in the custody of certain named officers; that the relator owns eleven shares of stock of the corporation; that, as a stockholder, he demanded of the custodian officers on April 29, 1946, an opportunity and permission to inspect "all books and records" of the corporation on or before May 10, 1946; that this demand was refused by the custodian officers and that the relator has no other adequate remedy at law than the process prayed for.   The writ thereupon directs the named officers of the corporation on or before June 4, 1946, to allow the relator or his authorized representative to inspect the books and records of the corporation at its office at a reasonable time and to take copies of such parts "as concerns his interests" or signify cause to the contrary to the court.

Eleven reasons are assigned in upport of the motion to quash, hinging chiefly upon one or more of three sections of the statutes, namely, §§ 3418 and 3409 of the General Statutes and §1394c of the 1935 Supplement to the General Statutes.

At common law a stockholder of a corporation has a qualified right to examine its books revealing information concerning its operating results and financial status. Such an examination must be (a) germane to his interests as a stockholder, (b) lawfnl in character, and (c) not inimical to the interests of the corporation. *Baydrop* v. *Second National Bank,* 120 Conn. 322, 330; *State ex rel. Costello* v. *Middlesex Banking Co.,* 87 Conn. 483.

In the case of stock ledgers, as distinguished from other books and records of the corporation, however, the rights of stockholders have been the subject of statutory regulation. The history of this legislation up to and including chapter 215 of the Public Acts of 1911 is reviewed in *State ex rel. Costello* v. *Middlesex Banking Co.,* 87 Conn. supra. The last sentence of §1 of chapter 215 of the Public Acts of 1911 provided as follows: "The original or duplicate books of any corporation in which the transfers of stock shall be registered, and the original or duplicate books containing the names and addresses of the stockholders and the number of shares held by them, respectively, shall, at all times during the usual hours of business, be open to the examination of every stockholder at its principal office or place of business in this state....."

Construing that statute, our Supreme Court has more than once held that as a result thereof the right of a stockholder to examine books disclosing stock ownership is by the statute made absolute. *State ex rel. Costello* v. *Middlesex Banking Co.,* 87 Conn. supra; *State ex rel. Eliott* v. *Lake Torpedo Boat Co.,* 90 Conn. 638.

The same language as that quoted appears in the 1918 Revision of the General Statutes, § 3437. In 1927, however, the statute underwent a change and with respect to books disclosing stock ownership it was provided as follows: "The original or duplicate books of any corporation in which the transfers of stock shall be registered, and the original or duplicate books containing the names and addresses of the stockholders and the number of shares held by them, respectively, shall, at all times during the usual hours of business, be open

to the inspection, at the principal office or place of business of the corporation in this state, of every bona fide stockholder when such inspection shall be sought in good faith in the interest of such stockholder or of the corporation; but this provision shall not entitle a stockholder to inspect such stock books or to make copies therefrom for speculative or trading purposes or for any purpose inimical to the interests of the corporation or of its stockholders." Public Acts, 1927, Chap. 228. This language has remained the statute law to the present time. General Statutes, § 3418.

It is apparent, therefore, that since the decisions in *State ex rel. Costelo* v. *Middlesex Banking Co.*, supra, and *State ex rel. Elliott* v. *Lake Torpedo Boat Co.*, supra, the right therein defined as absolute by statute has undergone a material alteration and has become and now is again qualified. A stockholder, in order to examine even the books disclosing stock ownership (a) must seek the inspection in good faith in the interests of the stockholder or of the corporation, (b) must not seek inspection for speculative or trading purposes, or (c) must not seek such inspection for any purpose inimical to the corporation or of its stockholders. As the law stands today, therefore, the right to examine any of the books or records of a corporation, either by statute or at common law, bears certain qualifications.

The alternative writ is completely silent as to the relator's purpose in making the proposed examination sought in this case. In support of any common-law right of examination he has not alleged that it is germane to his interests as a stockholder, that it is lawful in character, nor that it is not inimical to the interests of the corporation. In support of any right he may have by virtue of § 3418 of the General Statutes to examine stock ledgers, he has not alleged that his inspection is sought in good faith in the interests of such stockholder or of the corporation, nor that his inspection is not being made for speculative or trading purposes, or for any purpose inimical to the interests of the corporation or of its stockholders.

Section 3409 of the General Statutes requires the directors of a corporation to file with a designated officer of the corporation at least annually a "complete and detailed report of the financial condition" of the corporation to "be subject to the inspection of the stockholders at all reasonable times." That report must be furnished upon written request to any stockholder owning not less than 5 per cent of the shares of any class of stock. General Statutes, Cum. Sup. 1935, § 1394c.

Here again one searches in vain for pertinent allegations in the alternative writ. It does not appear how many shares of stock are outstanding, nor what per cent thereof the relator's holdings represent. Neither does it appear that such report has not been made, nor that a copy has been.requested and refused.

It follows from what has been said that the alternative writ fails to disclose upon its face a clear right to the relief demanded, and it fails to set forth the material facts upon which the relator must rely.

The motion to quash is sustained on grounds one to five inclusive.