MELVA N. BRECKER ET AL. *v.* RUDOLPH H. NIELSEN
ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 110508

Memorandum filed March 21, 1958

*Charles Stroh* and *William D. Shew,* both of Hartford, for the plaintiffs.

*Shepherd, Murtha & Merritt,* of Hartford, for the defendants.

HOUSE, J. This complaint is in two counts. Briefly, it is alleged that the plaintiffs are beneficiaries under a testamentary trust of which the defendant Rudolph Nielsen is trustee; that among the assets of the trust are shares of stock in The Washington Realty Company; that Rudolph Nielsen is president of the corporation, which is "completely managed and run by" him; that the plaintiffs are not receiving any income from that corporation; that they have requested an opportunity to examine the books of the corporation "in order to determine whether or not said corporation was being properly managed and whether or not the Plaintiffs' interests are being protected"; that such an examination has been refused and the plaintiffs are "afraid" that the corporation is not being operated and managed to the best interest of all the stockholders, including themselves, but its assets are being diverted to the private interests of the defendant Rudolph Nielsen. The allegations of the second count are substantially the same as those of the first except that a different corporation—The John P. Nielsen & Sons, Company—is mentioned. The only relief sought by the plaintiffs is a writ of mandamus ordering the defendants to permit the plaintiffs or their accountants to inspect the books of the two corporations.

To this complaint the defendants have demurred on three grounds: (1) None of the plaintiffs is a stockholder in either of the corporations entitled to apply for a writ of mandamus against either corporation; (2) no allegation is made which under the

laws of Connecticut would entitle any of the plaintiffs to the relief demanded; and (3) the plaintiffs have failed to state a cause of action. The demurrer, of course, admits all the facts in the complaint that have been well pleaded. *McNish* v. *American Brass Co.*, 139 Conn. 44, 48; *Vogel* v. *Bacus*, 133 Conn. 95, 97; *Hardy* v. *Scott*, 127 Conn. 722, 723.

The right of a stockholder to examine books and records of the corporation in which he holds an interest is well established. The principle was well stated by Justice Hinman in *Baydrop* v. *Second National Bank*, 120 Conn. 322, 330: "A stockholder's right, unless altered by statute, is to make examination of books and records at reasonable times, provided that the purpose is germane to his interest as a stockholder, proper and lawful in its character, and not inimical to the interests of the corporation itself. *State ex rel. Costelo* v. *Middlesex Banking Co.*, 87 Conn. 483, 485, 88 Atl. 861; 22 A.L.R. p. 25, note. Inspection must be asked for in good faith, for a specific and honest purpose, not for one which is speculative or vexatious. 14 C. J. p. 855." See also *State ex rel. Sirica* v. *Quatrano*, 14 Conn. Sup. 160; *State ex rel. Alderman* v. *Machlin*, 13 Conn. Sup. 106; *State ex rel. Gaynor* v. *Gaynor Electric Co.*, 6 Conn. Sup. 76; *State ex rel. Eliott* v. *Lake Torpedo Boat Co.*, 90 Conn. 638. "The right of inspection of the books and records of a corporation at reasonable times and for proper purposes is a common-law privilege incident to the ownership of shares in a corporation." *State ex rel. Costelo* v. *Middlesex Banking Co.*, supra, 484.

The precise problem presented by the present pleadings stems from the fact that these plaintiffs are not stockholders of the corporations whose records they seek to examine. They are beneficiaries of trusts in which the trustee as such is the stockholder. Furthermore, there is no allegation of waste,

extravagance or mismanagement so far as the corporations are concerned. It is simply alleged that the plaintiffs are "afraid" that the corporations are not being operated and managed to the best interests of stockholders and that their assets are being diverted.

The basis of a stockholder's right under statute or common law to inspect the corporate books and records is his ownership of the corporation property and assets through ownership of shares of stock. Out of this ownership arises the stockholder's right to information as to the management of the corporate affairs. 5 Fletcher, Corporations (Perm. Ed.) § 2213. On the facts of this case, it is the trustee who possesses the incidents of ownership. The plaintiffs possess none of these incidents. See Bartels & Flanagan, "Inspection of Corporate Books and Records in New York by Stockholders and Directors," 38 Cornell L.Q. 289. It cannot be held that these plaintiffs, on the basis of the allegations of the complaint, have a legal right to examine the books and records of the corporations. This is of material significance in view of the relief which the plaintiffs seek—a writ of mandamus ordering the defendants to permit them or their accountants to inspect the corporate books.

The writ of mandamus is a prerogative writ which will issue only to enforce a clear legal right where the person against whom it is directed is under a legal obligation to perform the act commanded. *State ex rel. Levy* v. *Pallotti,* 133 Conn. 334, 342; *State ex rel. Rowell* v. *Boyle,* 115 Conn. 406, 412. The discretion of the court in the issuance of a writ of mandamus will only be exercised in accordance with recognized principles of law where the plaintiff has a clear legal right to have done that which he seeks. *State ex rel. Donahue* v. *Holbrook,* 136 Conn. 691, 693. Accordingly, the defendants' demurrer must be sustained.

This should not be interpreted as a holding that under no circumstances may a cestui qui trust obtain the assistance of a court of equity to obtain information concerning the affairs of a corporation whose stock is held in the name of a trustee. There is a division of authority as to the rights of equitable owners of corporate stock. See note, 99 U. Pa. L. Rev. 999 et seq., "Rights of Equitable Owners of Corporate Shares." There is substantial authority holding that a mere beneficial stockholder is not entitled to compel inspection of corporate records and books. See *State ex rel. Crowder* v. *Sperry Corporation*, 41 Del. 84; *Matter of Brentmore Estates, Inc.* v. *Hotel Barbizon, Inc.*, 263 App. Div. 389 (N.Y.), modifying 177 Misc. 11; *Goddard* v. *General Reduction & Chemical Co.*, 57 Utah 180.

It is unnecessary, however, to decide on these pleadings the precise extent of the rights of a cestui qui trust and the effect of the general principle that a beneficiary is entitled to obtain from the trustee all information as to the trust and its execution for which he has any reasonable use. See *Baydrop* v. *Second National Bank,* supra; *State ex rel. Rowell* v. *Boyle,* supra. It suffices that "[i]t is the settled policy of our courts to restrict the issuance of the writ [of mandamus] to the limits established by the common law. *Duane* v. *McDonald,* 41 Conn. 517, 522." *State ex rel. Board of Education* v. *D'Aulisa,* 14 Conn. Sup. 280, 286.

On the facts alleged in the complaint these plaintiffs are not entitled to the relief which they seek, and the demurrer is sustained.