**STATE EX REL. Harry SCHULTZ, et al., Plaintiffs-Respondents,**

v.

**A.Y. SCHULTZ, et al., Defendants-Appellants.**

**No. 50487.**

Missouri Court of Appeals, Eastern District, Division One.

May 27, 1986.

Kenneth M. Romines, Clayton, for defendants-appellants.

Edward P. McSweeney, St. Louis, for plaintiffs-respondents.

SMITH, Judge.

Defendants, A.Y. Schultz and Chemical Dynamics, Inc., appeal from the trial court's peremptory writ of mandamus compelling them to produce for inspection by plaintiffs the records of Chemical Dynamics. This proceeding is the predictable, if not inevitable, result of the decision in *Schultz v. Schultz*, 637 S.W.2d 1 (Mo. banc 1982), which sets forth the complicated factual background of this matter.

In *Schultz* the court determined the ownership of 14 shares of stock of the corporation. It found three shares to be held by Jack Schultz as trustee for the Schultz family. Sol Schultz, a party herein, was held to have acquired ten shares as an "equitable" trustee for the benefit of the Schultz family. This status arose from the finding that the stock came into Sol's hands as a nominee to hold the stock for the Schultz family. The Schultz family was held by the court to consist of A.Y. (Abe), Jack, Sol, Harry Schultz and Marvin Saks, a brother-in-law. Sol's attempt to sell the ten shares of stock to Allen and Mark Molasky was held to vest the same title in the Molaskys as Sol had, that of equitable trustee with a duty to reconvey the 10 shares to the members of the Schultz family. The Supreme Court's disposition of the fourteenth share is of no consequence here.

Plaintiffs Harry and Sol Schultz and Marvin Saks filed their mandamus action to compel A.Y. Schultz, as controlling officer of the corporation, and the corporation to allow inspection of the corporate books and records. The basis of the right to such inspection was alleged as the status of all three plaintiffs as beneficiaries of the constructive and express trusts established in the *Schultz* case and as to Sol his additional status as stockholder by virtue of being the constructive trustee. Plaintiffs' sole evidentiary support for their writ of mandamus was the opinion in *Schultz v. Schultz, supra.* Defendants presented an affidavit of the secretary of the company that none of the plaintiffs are shown in the stock transfer book of the corporation as shareholders of the company.

Sec. 351.215.1, RSMo 1978, provides:

... "Each shareholder may at all proper times have access to the books of the company, to examine the same, and under such regulations as may be prescribed by the bylaws...."

■ This represents a codification of the common law. Sec. 351.015, RSMo 1978, defines shareholder as "one who is a holder of record of shares in a corporation." The few courts which have dealt with this issue have generally taken a restrictive view of the meaning of "shareholder." The usual rule is that a corporation may rely upon its records to determine who is a record holder of stock. *State ex rel. Manlin v. Druggists' Addressing Co., Inc.*, 113 S.W.2d 1061 (Mo.App.1938); *Brecker v. Nielsen*, 21 Conn.Sup. 33, 143 A.2d 463 (1958); Note, "Rights of Equitable Owners of Corporate Shares," 99 U.Pa.L.Rev. 999 (1951). This rule exists in order to avoid the chaos of opening up corporate record inspections to persons whose interests are not readily ascertainable or are in dispute. *State ex rel. Manlin v. Druggists' Addressing Co., Inc., supra.* A writ of mandamus is utilized to enforce, not determine, a legal right. It will lie where there is an existing, clear, unconditional, legal right in relator and a corresponding present, imperative, unconditional duty upon the part of the respondent. *State ex rel. Power Process Piping Inc. v. Dalton*, 681 S.W.2d 514 (Mo.App. 1984) [1].

■ With these precepts before us we look to the record here. There is no evidence that any one of the plaintiffs appears as a shareholder of record in the books of the corporation which are required to be kept by Sec. 351.215.1. There is no authority which requires that inspection be allowed to beneficiaries of trusts, actual or constructive. The opinion in *Schultz v. Schultz, supra,* reflects that Sol transferred whatever interest he had to the Molaskys, so even if that case can be considered a "record" for determining ownership, it

does not support Sol's status as a stockholder.

If by the final paragraph that Sol "is equitable trustee for the benefit of the Schultz family" the court has in fact transferred ownership from Molaskys to Sol it has done so simply as a conduit for placing the stock into the ownership of the Schultz family. As noted in the *Schultz* opinion:

"Constructive trusts are technically not trusts at all, but rather, are equitable devices employed by courts of equity to remedy a situation where a party has been wrongfully deprived of some right, title, benefit, or interest in property as a result of fraud or violation of confidence or faith reposed in another." *Schultz, supra,* [2].

We cannot conclude that Sol, the wrongdoer whose conduct is being rectified, can be treated in his capacity as equitable trustee as a "shareholder of record" of the corporation. Nothing in the *Schultz* opinion requires he be so reflected in the books of the company.

Of course, the corporation cannot wrongfully refuse to transfer stock on the books of the corporation to defeat plaintiffs' rights as stockholders. *State ex rel. Manlin v. Druggists' Addressing Co., supra,* [3]. But on the record here there is no indication of wrongful refusal. The Supreme Court in *Schultz* stated that "the Molaskys have the same title Sol had—equitable trustee—and have the duty to reconvey the [ten] shares to the members of the Schultz family." The record does not establish that such reconveyance has occurred or that any attempt has been made to enforce the decision in the *Schultz* case to reconvey. Nor does the opinion in *Schultz* make clear the distribution and ownership of the ten shares in question as it relates to the individual members of the Schultz family. It is clear to us that the plaintiffs have an interest in the corporation as yet not precisely defined. Until that interest has been defined, hopefully by agreement, but realistically by court order, and the corporation, voluntarily or decretally, reflects that status in its records a writ of mandamus will not lie for the relief sought here. This proceeding can not be used to establish plaintiffs' status. Plaintiffs have not established their clear, unconditional, legal right to inspection of the records.

■ We deal briefly with defendants further contention that plaintiffs should be denied inspection because of evil, improper or unlawful purposes. That motivation has been held to restrict the right of inspection. *State ex rel. Watkins v. Cassell*, 294 S.W.2d 647 (Mo.App.1956) [1]. But the fact that a stockholder is on unfriendly terms with the management of the corporation or with other stockholders does not serve as grounds for denying inspection. *Id.* [6]. The very purpose of the statute and common law rule is to provide stockholders with an opportunity to determine whether their corporation is being properly operated. By human nature stockholders seeking a right of inspection are probably regarded by management as unfriendly troublemakers. It may well be the intention of the inspecting shareholders to seek changes of management or compel a change in management conduct. Such motivation is not evil, improper or unlawful, but fully within the rights of shareholders. The internecine warfare involving this closely held family corporation amply demonstrates a deep and continuing animosity between the family members. There can be no doubt that the litigation it has produced is of little benefit to the corporation. But so long as the animosity exists and the two factions continue in full battle array, each side will find itself bound by the strictures of the corporate law of this state.

Judgment reversed and cause remanded with directions to quash the peremptory writ of mandamus.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.