**Joseph J. KELLEY, Jr.
Plaintiff–Appellant,**

v.

**HERITAGE NATIONAL BANK,
Defendant–Respondent.**

No. 66418.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 14, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 20, 1995.

Application to Transfer Denied
May 30, 1995.

John L. Davidson, John L. Davidson, P.C., Burton H. Shostak, Moline & Shostak, Clayton, for appellant.

Stanley E. Goldstein, Selner, Glaser, Komen, Berger & Galganski, P.C., Clayton, for respondent.

KAROHL, Judge.

Joseph Kelley, Jr. appeals after the trial court dismissed his petition for equitable relief to inspect the corporate books and records of Heritage National Bank. We affirm.

Kelley was a shareholder and director of Heritage National Bank from the bank's incorporation until August 21, 1990, when he resigned and disposed of his shares. On January 21, 1994, he requested permission to inspect and copy Heritage's books and records. He sought books and records existing

prior to his resignation. Heritage refused Kelley's request.

Kelley's petition against Heritage contained two counts. In Count I, he alleged that as a former shareholder of Heritage he had a right to inspect Heritage's books and records. In Count II, he alleged that as a former director of Heritage he had a right to inspect Heritage's books and records. The trial court rejected the claim of such rights. It found Kelley did not have standing as a matter of law to bring this action. We review two questions of law involving the right of a former director and shareholder to inspect records of a corporation. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

■ Kelley's contention is the trial court erred in dismissing Count II of his petition because every former corporate director has a qualified right to inspect and copy all corporate books and records, extant during the term of his or her directorship, when the director has either been charged or may be charged with some unlawful act or failure to act during such former director's term.

As a director of a corporation, it is essential to the proper performance of his duties to have access to the corporation's books of accounts and other records. *State ex rel. Watkins v. Cassell*, 294 S.W.2d 647, 654 (Mo. App.1956). The information therein contained is ordinarily necessary to the exercise of the judgment required of directors in the performance of their official duties. *Id.* The right of a director to examine the books and records is an unqualified right. *Id.*

The *Cassell* case stands for the proposition that a *current* director has an unqualified right to inspect corporate books and records. No Missouri statute or case law supports Kelley's contention that a *former* director has this right. We find the right is derived from the necessity to have knowledge of facts contained in corporate records in order to perform an existing duty. Thus, the trial court did not err in dismissing Count II of Kelley's petition.

■ Kelley argues the trial court erred in dismissing Count I of his petition because the right of a shareholder of common stock to inspect corporate books and records, extant during the period of stock ownership, is a chose in action which is not assigned or transferred by the assignment or transfer of the ownership of the common stock.

Section 351.215.1 RSMo 1986 provides that each shareholder of a corporation may inspect the corporate books. "Shareholder" is defined in § 351.015.16 RSMo 1986 as "one who is a holder of record of shares in a corporation."

"The few courts which have dealt with this issue have generally taken a restrictive view of the meaning of 'shareholder.'" *State ex rel. Schultz v. Schultz*, 710 S.W.2d 507, 508 (Mo.App.1986). The usual rule is that a corporation may rely upon its records to determine who is a record holder of stock. *Id.* This rule exists in order to avoid the chaos of opening up corporate record inspections to persons whose interests are not readily ascertainable or are in dispute. *Id.*

Section 351.215.1 RSMo 1986 provides a right for current shareholders, not former shareholders. Kelley was not a record holder of Heritage stock at the time he sought to inspect Heritage's corporate books and records. We hold the trial court did not err in dismissing Count I of his petition.

The judgment is affirmed.

AHRENS, P.J., and SIMON, J., concur.